Frances RIOS, Plaintiff-Appellant,

v.

The BOARD OF REGENTS OF the UNIVERSITY OF ARIZONA, Defendant-Appellee.

No. 85–2938.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 1987 *.

Decided March 2, 1987.

William E. Morris and Leslie Nixon, Tucson, Ariz., for plaintiff-appellant.

Andrew M. Ives, Jr., and Lynne O. Wood, Tucson, Ariz., for defendant-appellee.

Before ANDERSON, ALARCON and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellant Frances Rios (Rios) filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f), alleging that appellee University of Arizona (University) had discriminated against her on the basis of sex. After a bench trial, the district court found that the University had not discriminated against Rios and entered judgment in favor of the University. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

In 1974, Rios was appointed to the faculty of the University's College of Nursing as an assistant professor without tenure. While a member of the faculty, she taught clinical courses, served on committees of

* At the request of the parties, the panel unanimously agrees to waive oral argument in this case.

the College of Nursing, performed other community service work, and took graduate level courses at the University. Because Rios applied for and was denied tenure in her sixth year of service, her appointment terminated on June 30, 1981. University officials recommending denial of Rios' application for tenure based their decision primarily on a determination that she lacked sufficient accomplishments in the area of research and publication.

After she was denied tenure, Rios filed this action alleging that members of the all-female faculty of the College of Nursing were never given opportunities to satisfy tenure expectations even remotely equal to those enjoyed by members of the all-male faculty of the College of Pharmacy. For example, Rios claimed that faculty members of the College of Pharmacy had more than sixty percent of their time available for research while faculty members of the College of Nursing were required to spend approximately fifty hours per week on their non-research endeavors alone. After a bench trial, the district court found that the differences between the two colleges were not related to sex and entered judgment in favor of the University.

## II

After a Title VII case is fully tried, we review the decision under the clearly erroneous standard applicable to factual determinations. *Anderson v. City of Bessemer*, 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985); *Kimbrough v. Secretary of the United States Air Force*, 764 F.2d 1279, 1281 (9th Cir. 1985).

## III

In their briefs the parties focus on whether Rios established a prima facie case of disparate treatment. Rios argues that her comparison of the College of Nursing and the College of Pharmacy made out a prima facie case. The University, on the other hand, argues that Rios failed to establish a prima facie case.

The parties incorrectly focus on the issue of a prima facie case. During trial, the University responded to Rios' proof by offering non-discriminatory reasons for the differences between the College of Nursing and the College of Pharmacy. Where, as here, a "defendant has done everything that would be required of him if the plaintiff had made out a prima facie case, whether the plaintiff really did so is no longer relevant." *United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983). At this stage of the case, the proper focus is on whether the defendant intentionally discriminated against the plaintiff. *Id.* Although the district court addressed the issue of whether Rios had established a prima facie case, the court also reached the ultimate question of discrimination. The court found that the differences between the College of Nursing and the College of Pharmacy were not related to sex. This factual finding is not clearly erroneous.

AFFIRMED.