**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISABELLE BICHINDARITZ,

Plaintiff - Appellant,

v.

UNIVERSITY OF WASHINGTON,

Defendant - Appellee.

No. 12-35405

D.C. No. 2:10-cv-01371-RSL

ORDER AND MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 8, 2013
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Plaintiff Isabelle Bichindaritz appeals the district court's entry of judgment

in favor of the University of Washington ("University") after a bench trial in

Bichindaritz's employment action. Bichindaritz alleged gender discrimination in

violation of Title VII. We have jurisdiction pursuant to 28 U.S.C. § 1291. We

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

review the district court's finding for clear error, *Rios v. Bd. of Regents of Univ. of Ariz.*, 811 F.2d 1248, 1249 (9th Cir. 1987), and we affirm.

The district court's finding that gender was not a motivating factor in the University's decision to deny Bichindaritz tenure was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *McCormack v. Hiedeman*, 694 F.3d 1004, 1018 (9th Cir. 2012) (internal quotation marks omitted) (describing clear-error standard). Numerous witnesses testified that Bichindaritz's inconsistent teaching performance and lack of collegiality were long-standing problems; the district court's decision to give credence to that testimony was not clearly erroneous. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (stating that a trial judge's decision to believe "coherent and facially plausible" testimony "can virtually never be clear error"). In addition, several individuals with firsthand knowledge of Bichindaritz's application for tenure testified that nobody had discriminated against Bichindaritz because of her gender. Therefore, the district court did not clearly err in finding that "lack of collegiality" was not a pretext for discrimination. *Cf. Lam v. Univ. of Haw.*, 40 F.3d 1551, 1566 n.27 (9th Cir. 1994) ("The search committee members uniformly stated that their decisions were not motivated by impermissible bias; the [district] court, assessing their credibility and exercising its judgment, chose to believe them.

2

We cannot say that the court clearly erred in doing so."). Finally, the district court's statements regarding comparator evidence establish that the district court did evaluate the comparator evidence but simply found it unpersuasive. That finding, too, was not clearly erroneous.

Bichindaritz also alleged a violation of Federal Rule of Evidence 615. The case law is unsettled as to whether the district court should have permitted Dr. Beth Rushing, a former officer of the University, to serve as the University's representative under Rule 615(b). We assume, without deciding, that failing to exclude Rushing while two other witnesses testified violated Rule 615. But any such error was harmless: Rushing's testimony was corroborated both by the contemporaneous written record and by other witnesses, and her testimony was in some respects unfavorable to the University. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002) (noting that violations of Rule 615 are subject to harmless-error review); *see also Obrey v. Johnson*, 400 F.3d 691, 699-701 (9th Cir. 2005) (explaining that an error is harmless if "it is more probable than not that the [fact finder] would have reached the same verdict" absent the erroneous ruling). Accordingly, even if there was a violation of Rule 615, it provides Bichindaritz no basis for relief on appeal.

Finally, we deny both pending motions for judicial notice. The University seeks judicial notice of administrative and state-court proceedings that considered whether Bichindaritz's denial of tenure violated the University's Faculty Code. Bichindaritz seeks judicial notice of the Findings of Fact and Conclusions of Law from a related state-court case, in which the state court concluded that the University had deliberately violated state law in the course of discovery.[1] We deny both motions for judicial notice because the material that is the subject of each notice is unnecessary to the resolution of the issues presented on appeal. *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000) (denying request for judicial notice of information not relevant to any issue on appeal).

**AFFIRMED.** Motions for judicial notice **DENIED**.

---

[1] While this appeal was pending, Bichindaritz moved in the district court for relief from the judgment under Federal Rules of Civil Procedure 60(b) and 62.1, predicated on the University's state-court discovery violations. On December 12, 2013, the district court entered an order denying Bichindaritz's motion for relief from the judgment.

4